as to those entries is to sustain the claim in protest No. 294228–K that such reliquidations are illegal and void and to direct the collector to refund all duties taken pursuant to said attempted reliquidations.

Entries numbered 020–146 and 020–167 were originally liquidated on May 20, 1957. Had no protest been filed, the collector would have had until July 19 to reliquidate. However, a protest was filed on July 11, thus arresting the running of the statute of limitations. While the collector's reliquidations of September 30, 1957, during the pendency of the protest are illegal and void, he will still have 8 days after the decision on the original protest, No. 59/21355, becomes final and conclusive in which he may reliquidate. *Lorraine Fibre Mills, Inc.* v. *United States, supra.* The appropriate decision in this situation is to sustain the claim in protest No. 59/21356 that the reliquidations of September 30, 1957, are illegal and void, and to direct the collector either to make a legal reliquidation during the 8-day period or to refund the duties taken pursuant to the attempted reliquidations of September 30, 1957.

BEFORE THE SECOND DIVISION, NOVEMBER 17, 1961

No. 66216.—Bert Scheuer, Inc., et al. *v.* United States, protests 60/23629, etc. (Los Angeles).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiffs was sustained.

No. 66217.—Seedman International Corp. *v.* United States, protest 61/2099–11608 (Chicago).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.